UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANET C., | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | )   No. 2:22-cv-00018-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|         Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in refusing to admit treatment records post-hearing and that the Appeals Council was egregiously mistaken in determining that there was no reasonable probability that a later-submitted vocational affidavit would change the outcome of the ALJ's decision. *See* Statement of Errors (ECF No. 9) at 1, 4-12. I find no error and recommend that the Court affirm the Commissioner's decision.

**I. Background**

Prior to the Plaintiff's hearing, her counsel submitted a letter advising the ALJ:

> The following records and/or evaluations have been requested, but not yet received; this evidence will be provided upon receipt: medical records from Family Sport & Spine; medical records from Falmouth Orthopaedic Center; medical records from Kosmetikos Spa & Wellness Center; medical records from McGeachy Hall; medical records from OA Centers for Orthopaedics; medical records from Portland West Family Practice;

1

> medical records from Integrative Therapies for Prevention, Cancer and Chronic Disease.

Record at 422.

At the start of the Plaintiff's hearing, the ALJ informed the Plaintiff's counsel that this notice did not conform with the requirements of Social Security Ruling 17-4p (SSR 17-4p) and asked whether counsel wished to address that. *Id*. at 103. SSR 17-4p provides, in relevant part:

> To satisfy the claimant's obligation under the regulations to "inform" us about written evidence, he or she must provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled or blind. If the individual does not provide us with information specific enough to allow us to identify the written evidence and understand how it relates to whether or not the individual is disabled or blind, the individual has not informed us about evidence within the meaning of 20 CFR 404.935, 404.1512, 416.912 or 416.1435, and we will not request that evidence.

SSR 17-4p, 2017 WL 4736894, at *3 (Oct. 4, 2017).

The Plaintiff's counsel explained that his understanding per "guidance" from the Appeals Council was that his notice did "comply with 17-4p" and that it was "certainly" his "intention to comply with it." Record at 103. The ALJ asked to see the guidance, noting that there were "some very specific and clearly illustrated requirements in 17-4[p] that [weren't] met here, dates of treatment, et cetera, how any of this relates to the issues in the case." *Id*. at 103-04. The Plaintiff's counsel agreed to submit the guidance by March 22, 2021, *see id*. at 104, 135, but had not done so as of March 31, 2021, when the ALJ issued his decision that the Plaintiff was not disabled, *see id*. at 22, 36.

In that decision, the ALJ ruled that the notice was noncompliant with SSR 17-4p, explaining:

> [I]t did not contain treatment dates or any explanation of how the outstanding evidence related to issues in the case. In fact, one late submission reflected treatment from January 8, 2016 through August 9, 2017, which was years prior to the alleged onset date [of disability]. Thus, these 35 pages of late documents were not admitted. Another late submission consists of nothing other than dates of massages the claimant received. The representative essentially admitted noncompliance with SSR 17-4p, but asserted that the Appeals Council held that representatives need not comply with the requirements of SSR 17-4p. Further, the representative agreed to submit evidence of such a ruling in a post-hearing brief within one week of the hearing, or by March 22, 2021. As of the decision date, after that deadline, neither an updated brief nor such evidence was filed.

*Id.* at 21-22. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981. In so doing, the Appeals Council acknowledged that the Plaintiff had submitted an affidavit of vocational expert David W. Meuse, M.S., C.R.C., but found that "this evidence does not show a reasonable probability that it would change the outcome of the decision." Record at 2.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by

substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

#### A. ALJ's Exclusion of Evidence Pursuant to SSR 17-4p

The Plaintiff first challenges the ALJ's exclusion of evidence pursuant to SSR 17-4p, arguing that (1) the Appeals Council guidance cited by the Plaintiff's counsel—a remand order in a different case—a copy of which she appends to her Statement of Errors, makes clear that the evidence should have been admitted, (2) her notice conformed with the requirements of the controlling regulation, 20 C.F.R. § 404.935(a), (3) the ALJ elevated "form over substance" in insisting on compliance to the letter with SSR 17-4p when the notice "was sufficiently clear," and (4) the ALJ erred in applying SSR 17-4p because "subregulatory agency guidance cannot overrule the plain language of a regulation," and the language of 20 C.F.R. § 404.935(a) is unambiguous. Statement of Errors at 5-9. At oral argument the Plaintiff's counsel added, in response to the Commissioner's observation that SSRs, although "not binding on the Court," are "persuasive authority," Opposition (ECF No. 13) at 4, that SSRs are nonbinding on claimants and their counsel. These arguments are unavailing.

The Plaintiff waived any reliance on the Appeals Council guidance by failing to submit it to the ALJ. *See, e.g., Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001) (affirming ruling that claimant waived point by failing to raise it before the ALJ; observing that "a no-waiver approach . . . at the ALJ level . . . could cause havoc, severely undermining the administrative process"). In any event, the Appeals Council order on which the Plaintiff relies is distinguishable. In that case, the claimant provided the names of a physician and a psychologist and specified that the physician would submit physical and mental opinion statements and the psychologist would submit a mental opinion statement. *See* ECF No. 9-1 at Page ID # 1144. In this case, by contrast, the Plaintiff noted that she planned to submit treatment records of various providers without specifying the dates of treatment or clarifying how those records related to the question of whether the Plaintiff was disabled.

While 20 C.F.R. § 404.935(a) merely directs that claimants "inform us about . . . any written evidence," the Plaintiff's assertion that the ALJ erred in applying the more detailed requirements of SSR 17-4p founders. The ALJ did not elevate form over substance in insisting on compliance to the letter with SSR 17-4p. On the contrary, Social Security Rulings are binding on ALJs. *See* 20 C.F.R. § 402.35(b)(1) (Social Security Rulings are published "in the Federal Register under the authority of the Commissioner of Social Security" and "are binding on all components of the Social Security Administration"); *McDonald v. Sec'y of Health & Hum. Servs.*, 795 F.2d 1118, 1125 (1st Cir. 1986) ("Social Security Rulings are binding on all Social Security Administration personnel, including state agency adjudicators,

administrative law judges, and the Appeals Council."). Nor does SSR 17-4p overrule the plain language of 20 C.F.R. § 404.935(a). The regulation directs that claimants "inform [the Commissioner] about . . . any written evidence," 20 C.F.R. § 404.935(a); the ruling merely elaborates on the content necessary to satisfy that duty, *see* SSR 17-4p, 2017 WL 4736894, at *3. The ruling thus complements, rather than clashes with, the controlling regulation.[1]

Finally, whether SSR 17-4p is nonbinding on claimants or their counsel has no bearing on the question presented by this appeal: whether *the ALJ* erred in applying it. Because, as noted above, the ALJ was bound by SSR 17-4p, he cannot be said to have erred in doing so.

### B. Appeals Council's Ruling on Vocational Evidence

The Plaintiff next argues that because Meuse provided evidence that the vocational testimony at hearing was unreliable, the Appeals Council was egregiously mistaken in finding no reasonable probability that his affidavit would change the outcome of the decision. *See* Statement of Errors at 9-12. However, following the submission of the Statement of Errors, this Court rejected a nearly identical argument. *See Scott L. v. Saul*, No. 2:20-cv-00177-JDL, 2021 WL 1574451, at *4-5 (D. Me. Apr. 21, 2021) (rec. dec.), *aff'd*, 2021 WL 3234592 (D. Me. July 29, 2021) (holding that Appeals Council's finding that Meuse affidavit did "not provide a basis

---

[1] The First Circuit has signaled its inclination to agree with sister courts of appeals that SSRs are entitled to some level of deference. *Coskery v. Berryhill*, 892 F.3d 1, 5 & n.3 (1st Cir. 2018). The Plaintiff having failed to demonstrate any inconsistency between the ruling and the regulation, deference is due. *See, e.g.*, *Shafer v. Barnhart*, 120 F. App'x 688, 693 n.3 (9th Cir. 2005) ("Although the SSRs do not have the force of law, we nonetheless give deference to the Secretary's interpretation of its regulations, unless application produces a result inconsistent with the statute and regulations.").

for changing the [ALJ]'s decision" was "most fairly characterized as a judgment call that is owed . . . deference, not an egregious error").

At oral argument, the Plaintiff's counsel contended that *Scott L.* was wrongly decided and that *Michael H. v. Comm'r of Soc. Sec.*, No. 2:17-cv-0447-JAW, 2019 WL 653798 (D. Me. Feb. 15. 2019), should control. Yet, he did not explain why, in his view, *Scott L.* was wrongly decided or address the Court's finding in *Scott L.* that *Michael H.* was distinguishable. *See Scott L.*, 2021 WL 1574451, at *5. As such, *Scott L.* controls, and remand is not warranted on this basis.

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: November 22, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge