UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JANET C., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00018-LEW |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant | ) | |

## **ORDER AFFIRMING REPORT AND RECOMMENDED DECISION**

The matter is before the Court on Plaintiff's Objection to the Recommended Decision of the Magistrate Judge (ECF No. 19) and Plaintiff's Motion for Leave to File a Reply Memorandum (ECF No. 22).

The latter motion is summarily granted.

As for the objection, I have reviewed and considered the Report and Recommended Decision, together with the entire record, and I have made a de novo determination of all matters adjudicated in the Report and Recommended Decision. Plaintiff advances two issues in her objection: one concerning the belated submission of evidence to the administrative law judge (ALJ); the other concerning Defendant's treatment of Plaintiff's vocational expert's affidavit. I concur with the Magistrate Judge on the latter issue and adopt the Report and Recommended Decision on that issue without further comment. I

also concur with the Magistrate Judge on the former issue but offer a few words of my own.

Plaintiff filed an application for Title II benefits in 2019 and her application went before an administrative law judge in 2021.  Although it is a claimant's responsibility to provide medical records in support of her application for disability benefits, Plaintiff did not provide Defendant, at any stage of the prehearing administrative review process, certain medical records generated by providers in 2016 and 2018 that she now says would preclude certain of the ALJ's findings.  Instead, seven calendar days before her hearing date, Plaintiff informed the ALJ in her prehearing brief that she had requested certain records of certain providers.  Plaintiff did not inform the ALJ about the anticipated content of the records or provide other pertinent information beyond the names of the providers.

The ALJ received the records after the hearing but before he issued his decision. The ALJ "declined to admit" the records based on the timing of the disclosure and the failure of Plaintiff's representative to describe them in advance of the hearing.  R. 21.

The social security regulations require that claimants provide proof of disability.  20 C.F.R. § 404.1512(a)(1).  This requirement applies at every level of the administrative review process.  *Id.*  The regulations provide specific rules for appealing the Social Security Administration's initial and reconsideration decisions.   Among these are rules for requesting a hearing before an ALJ.  *Id.* §§ 404.929-404.943.  The regulations anticipate that evidence concerning a claimant's application may become available late in the administrative review process, including shortly before or even after the ALJ's scheduled

hearing.  Given this reality, the regulations provide that a claimant "may submit new evidence (subject to the provisions of § 404.935)."  *Id.* § 404.929.  *See also id.* § 404.933(a)(3) (claimants should include in their hearing requests a "statement of additional evidence to be submitted").

Section 404.935 provides that "[e]ach party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing."  *Id.* § 404.935(a).  Failure to comply may prevent consideration of the evidence, because section 404.935 states that absent an adequate disclosure the ALJ "may decline to consider or obtain the evidence," unless certain special circumstances exists (none of which is in play here[1]).  *Id.*

Based on the regulations, there is leeway for an ALJ to accept and consider evidence submitted fewer than 5 days before the hearing or even after the hearing, provided that the claimant "informs" the Social Security Administration about the evidence.  By natural inference, the requirement that claimants inform the ALJ means that they must supply information concerning not merely the existence of evidence but also its relatedness to the claim of disability.  *Id.* §§ 404.1512(a)(1) ("You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled."); 404.1513(a) ("evidence is anything you or anyone else submits to us or that we obtain that

---

[1] Among the special circumstances is a situation in which the claimant has "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 404.935(b)(3)(iv).  Plaintiff does not contend that she actively and diligently sought the medical records at issue.

3

relates to your claim"). For medical records, this would entail information concerning the existence of "medical signs" and/or "laboratory findings," "medical opinion," "judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment . . . or prognosis," or the like. *Id.* § 404.1513(a)(1)-(3).

Based on a review of just the regulatory language, it would be a reasonable exercise of an ALJ's discretion to conclude that a claimant was not in compliance with section 404.935 if the claimant merely informed the ALJ that she had requested records from particular providers. The regulations require information concerning the relatedness of evidence to a claim of disability, and anyone attempting to exercise discretion concerning the potential delay of proceedings would appreciate that what is needed is information that might guide the exercise of discretion.

But the Social Security Administration has imposed certain additional strictures on the ALJ's exercise of discretion in order to make this reading plain. Specifically, Social Security Ruling (SSR) 17-4p, *Responsibility for Developing Written Evidence* (SSA Oct. 4, 2017), "clarifies . . . the responsibilities of a claimant and a claimant's representative to develop evidence and other information in disability and blindness claims." 2017 WL 4736894 at *1. SSRs such as 17-4p "are binding on all components of the Social Security Administration," *id.* (citing 20 C.F.R. § 402.35(b)(1)), are purposefully "ma[d]e available to the public," and are based "on determinations or decisions made at all levels of administrative adjudication, Federal court decisions, Commissioner's decisions, opinions

of the Office of the General Counsel, or other interpretations of the law and regulations."

*Id.*

> Pursuant to SSR 17-4p:
>
> To satisfy the claimant's obligation under the regulations to "inform" us about written evidence, he or she must provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled or blind.  If the individual does not provide us with information specific enough to allow us to identify the written evidence and understand how it relates to whether or not the individual is disabled or blind, the individual has not informed us about evidence within the meaning of 20 CFR 404.935, [or] 404.1512.

*Id.* at *3.  The SSR thus informs the regulatory interpretation of what it means to inform an ALJ about evidence.  It requires more than a representation that evidence has been requested and is anticipated.  To properly inform an ALJ about anticipated but absent evidence, a claimant or her representative must indicate not merely the source, location, and dates of treatment (perfunctory requirements), but also state the relevance of the evidence to the claimant's application.  *Id.*  In other words, the claimant must give the ALJ sufficient information to guide the exercise of discretion when it comes to considering late evidence and possibly continuing a hearing date.

The Administration explains in the SSR that it adopted section 935's five-day requirement "to address unprecedented workload challenges," and subsequently amplified its message through the rulemaking process because it "cannot afford to continue postponing hearing proceedings because the record is not complete at the time of the

hearing." *Id.* at *2.   The Administration further discusses the need for claimant representatives "to assist claimants in complying fully with their responsibilities," *id.* at *3, including by acting with reasonable dispatch to obtain and submit evidence.   The SSR clearly expresses an administrative concern that anything less would enable representatives to engage in conduct "prejudicial to the fair and orderly conduct of administrative proceedings." *Id.* at *4.

Given the state of the regulatory regime, I fail to find merit in Plaintiff's objection to the finding of the Magistrate Judge that it mattered that Plaintiff failed to "clarif[y] how [the] records related to the question of whether the Plaintiff was disabled."   Report and Recommended Decision at 5.   The information provided by Plaintiff failed to inform the ALJ of the relatedness of the evidence to the review process, which was not in harmony with the regulations themselves, even before applying the interpretive gloss found in SSR 17-4p.   I also agree with the Magistrate Judge's finding that SSR 17-4p "complements, rather than clashes with, the controlling regulation." *Id.* at 6.   Although Plaintiff is correct that the social security administrative process is part of a remedial program, that does not mean that the process must lack all rigor or that the Administration cannot respond to recurring problems in order to manage its case load, particularly when the rigor is rationally related to the review process and is designed to help guide the ALJs' exercise of discretion and assist them in the fulfillment of administrative objectives for a great many claimants in addition the claimants currently before them.

**Conclusion**

6

I concur with the recommendations of the Magistrate Judge and determine that no further proceeding is necessary.   It is therefore ORDERED that the Report and Recommended Decision is AFFIRMED and ADOPTED.  The final administrative decision is AFFIRMED.

SO ORDERED.

Dated this 10th day of January, 2023.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE